

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4275
Re: Liability of Luzier's Inc.,
transacting business as out-
lined, for the luxury excise
tax levied by Article 7047-1,
Vernon's Texas Civil Statutes,
upon the sale, at retail, of
"new cosmetics."

Under date of December 4, 1941, you submit the above question, and for the factual situation upon which the same turns, you refer us to attached letter to you from the subject concern, from which we quote:

"The orders are secured from Texas customer in personal interviews. The orders are subject to final acceptance at the office of Luzier's, Inc., in Kansas City, Missouri. No merchandise is stocked in Texas, and no sales are ever made in which the merchandise is delivered in Texas at the time of the sale. At the time of giving the order a small down payment is made by the customer, which is refunded if the order is not accepted. After the order is accepted and filled in Kansas City, Missouri, it is shipped by mail directly to the Texas customer, C.O.D. for the balance of the sales price."

In our Opinion No. 0-4263, written in response to your request, we considered a plan or method of operation pursued by an out-of-state corporation in the sale of new radios in Texas, which was identical to the one outlined above. We concluded from a consideration thereof that the transaction constituted inter-state commerce, and the tax levied by the above-cited act would be a direct burden thereon, and consequently obnoxious to the "commerce clause" of the Federal Constitution. Except as the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

instant factual statement is altered by subsequent letter of date December 11, 1941, by your Mr. W. C. Schulle, the opinion adverted to is controlling and we refer you to same.

In the letter last referred to, you call our attention to the following:

"In regards to this letter, I would like to advise that it has come to my attention that the salesladies for this company are in the habit of taking the order, collecting for same and the company sends the merchandise direct to the purchaser. However, sometimes the merchandise is sent to the saleslady who, in turn, delivers the merchandise."

It is our opinion that the additional fact that the merchandise is sometimes sent directly to the saleslady who took the order, or any other agent of Luzier's, Incorporated, for delivery, in turn, to the purchaser, will not remove the instant situation from the scope of our Opinion No. O-4263 and the decisions of the Supreme Court of the United States therein cited.

In Caldwell v. North Carolina, 187 U. S. 622, 47 L. Ed. 336, 23 Sup. Ct. Rep. 229, a taxing ordinance of the city of Greensboro was held invalid as an unlawful interference with interstate commerce, where a portrait company engaged in making pictures and frames in Chicago sold them upon orders solicited in North Carolina, shipping the pictures and frames in separate packages to its own agent, who placed the pictures in their proper frames and delivered them to the persons ordering them. This was held to be a transaction in interstate commerce and beyond the taxing power of the state, and it was held to make no difference that the pictures and frames were shipped to the company itself at Greensboro, where the agent of the company received them from the railroad at its depot, carried them to his room in Greensboro, opened the packages, took out and assorted them, and put them together, and in this form delivered them to the purchasers in the city of Greensboro, who had previously ordered them. Of this feature of the case, which had been held in the supreme court of North Carolina to differentiate the case from the former cases, the Supreme Court of the United States said (P. 632):

"Nor does the fact that these articles were not shipped separately and directly to each individual purchaser, but were sent to an agent of the vendor at Greensboro, who delivered them to the purchasers,

deprive the transaction of its character as interstate commerce. It was only that the vendor used two instead of one agency in the delivery. It would seem evident that, if the vendor had sent the articles by an express company, which should collect on delivery, such a mode of delivery would not have subjected the transaction to state taxation."

It is, therefore, our opinion that under either plan or method of delivery of the goods in question to the ultimate purchaser, set out in the communications before us, the luxury excise tax levied by Article 7047-1, Vernon's Texas Civil Statutes, may not constitutionally be collected by you.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat M. Neff, Jr.
Assistant

APPROVED JUL 19 1942

PMN:ej